United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

RONALD CUPP,

Plaintiff,

v.

PETER GUY KERSTON,

Defendant.

Case No. 25-cv-02185-LB

**ORDER GRANTING MOTION TO STRIKE ANSWER AND FOR ENTRY OF DEFAULT**

Re: ECF No. 83

## INTRODUCTION

Plaintiff Ronald Cupp, who is proceeding pro se, sued Peter Kerston and The Mortgage Network Wholesaler Lender, LLC, severed into companion case No. 25-cv-05979-LB, for an alleged violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227, in connection with repeated sales calls from the defendant to the plaintiff without the plaintiff's consent.[1]

The plaintiff moves under Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A)(iii) to strike the defendant's answer and for entry of default.[2] The defendant has not been participating in the litigation. The court has warned him of the consequences of not participating in the litigation, including monetary and terminating sanctions, and on October 1, 2026, it ordered him to oppose

[1] Compl. – ECF No. 1 at 4–7 (¶¶ 9, 13–20). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 83.

United States District Court
Northern District of California

all motions, file his trial brief, and show cause why sanctions in the form of a default judgment should not be entered against him.[3] The defendant did not do so.

Because the defendant has not been participating in the litigation and has been warned multiple times of the consequences for not participating, the court grants the motion.[4] The defendant's answer is stricken and the clerk is directed to enter the defendant's default.

## STATEMENT

The defendant answered the complaint on April 3, 2025.[5] The court held an initial case-management conference on September 18, 2025, having instructed the defendant to file a statement by September 11, 2025.[6] The defendant did not appear or file a case-management statement.[7] On September 19, 2025, the court issued an order warning the defendant of the consequences of not participating in the litigation.[8] The defendant then appeared at the October 16, November 13, and January 29, 2026, case-management conferences.[9] He did not participate in the filing of the case-management statement filed on March 12, 2026, or appear at the March 26 case-management conference.[10]

On April 16, 2026, the court issued an order calling for the defendant's participation in the litigation and the risks of not doing so.[11] It ordered the defendant to file a statement by April 22, 2026, and to appear at the next case-management conference or risk the court striking his answer.[12] On April 22, 2026, the defendant filed the ordered response, stating his intent to fully

---

[3] Order – ECF No. 84.

[4] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

[5] Answer – ECF No. 10.

[6] Clerk's Notice – ECF No. 27.

[7] Order – ECF No. 30 at 1–2.

[8] *Id.*

[9] Order – ECF No. 55 at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5.

participate in the litigation.[13] He then appeared at the May 7, 2026, case-management conference.[14] The defendant did not appear at the scheduled July 30, 2026, settlement conference (representing that he had medical issues and thought the conference had been moved to August). He appeared at the August 12, 2026, settlement conference, but then missed two subsequent court deadlines: he did not participate in the filing of the case-management statement filed on August 24, 2026, and he did not file an opposition to the plaintiff's opening trial brief (or an opening brief of his own). [15]

The court gave the defendant leave to file an opposition to the plaintiff's opening brief by September 17, 2026, warning him that a failure to file an opposition is deemed a concession and reiterating the risks of failing to defend the case.[16] The defendant did not file an opposition.[17]

On September 24, 2026, the plaintiff moved to strike the defendant's answer and for entry of default.[18] On September 27, 2026, the court ordered the defendant to file his trial brief, oppose all motions, and show cause why terminating sanctions should not be awarded (warning that, if he did not, his answer would be stricken).[19] The defendant did not file any opposition, his trial brief, or a response to the court's order to show cause by the October 1 deadline.[20]

## ANALYSIS

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999). "The imposition of sanctions requires a

[13] Resp. – ECF No. 58.

[14] Minute Entry – ECF No. 62; Scheduling Order – ECF No. 64.

[15] Minute Entries – ECF Nos. 74, 76; Case-Mgmt. Statement – ECF No. 79; Statement of Non-Opp'n – ECF No. 81; Order – ECF No. 82.

[16] Order – ECF No. 82.

[17] *See generally* Docket (no opposition filed).

[18] Mot. – ECF No. 83.

[19] Order – ECF No. 84.

[20] *See generally* Docket.

United States District Court
Northern District of California

statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000).

**1. The Court's Inherent Authority**

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). The Ninth Circuit has instructed that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

**2. Terminating Sanctions**

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. . . . Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (cleaned up). A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the [other party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the defendant and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" in other circumstances "the failure to warn may place the district court's order in serious jeopardy." *Id.* "Failure to warn

United States District Court
Northern District of California

has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id.* (cleaned up).

**3. Rule 16(f)**

Rule 16(f) authorizes the issuance of "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(viii)," against a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the "just orders" specified in Rule 37(b)(2)(A)(ii)–(viii) is an order striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii); *see Salvador v. Live At Home Care Connection, Inc.*, No. 5:18-CV-07159-EJD, 2021 WL 9217145, at *2 (N.D. Cal. Feb. 16, 2021). The court "must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

**4. Discussion**

As the Statement describes and as the docket reflects, the defendant has not participated in the litigation. The court warned him repeatedly about sanctions, including terminating sanctions.

The plaintiff has met his heavy burden to establish the appropriateness of terminating sanctions. The court warned the defendant repeatedly about the consequences of not participating in the litigation (including terminating sanctions), set forth the chronology of his behavior and refusal to participate in the litigation, and gave him repeated opportunities to participate in this lawsuit. He did not: he has not appeared at case-management conferences, missed court-ordered deadlines for pretrial filings, and did not respond to the court's most recent order directing him to file his trial brief and show cause why his answer should not be stricken for failing to participate.

A district court has the power to strike the answer and enter a default judgment against the defendant for "failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916–17 (9th Cir. 1987). The court strikes the answer based

on the defendant's failure to participate in its litigation. Because the answer is stricken, the court also grants the plaintiff's motion for entry of default. *See* Fed. R. Civ. P. 55(a).

**CONCLUSION**

The court grants the plaintiff's motion to strike the answer and for entry of default as to the defendant. The clerk is directed to enter default. After default is entered, the plaintiff may move for default judgment against the defendant. Fed. R. Civ. P. 55(a), (b). The plaintiff must file his motion for default judgment within fourteen days of the clerk's entry of default.

This resolves ECF No. 83.

**IT IS SO ORDERED.**

Dated: October 2, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California