United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RONALD CUPP,<br>Plaintiff,<br>v.<br>PETER GUY KERSTON,<br>Defendant. | Case No. 25-cv-02185-LB<br>**ORDER**<br>Re: ECF Nos. 93, 94, 98, 100, 105–107 |
| RONALD CUPP,<br>Plaintiff,<br>v.<br>THE MORTGAGE NETWORK WHOLESALE LENDER, LLC,<br>Defendant. | Case No. 25-cv-05979-LB<br>**ORDER**<br>Re: ECF No. 22, 25 |

## INTRODUCTION

The parties asked for a bench trial. On October 5, 2026, following the court's process for bench trials, the court gave notice of the claims and the legal standards and directed the parties to file sworn declarations so that the court could decide what the law resolves and whether any fact is genuinely disputed and requires a trial.[1] The parties have filed their declarations. The record has

[1] Order – ECF No. 93. A copy of that order is attached and incorporated by reference. This order

no genuine dispute of material fact, so no trial is needed, and this order decides the case on summary judgment.

Mr. Cupp sued Mr. Kerston under 47 U.S.C. § 227(b)(1)(A)(iii) for sales calls to his cell phone on the morning of February 20, 2025. That provision reaches only calls made with an automatic telephone dialing system or an artificial or prerecorded voice. Both parties' sworn accounts show that Mr. Kerston dialed Mr. Cupp's number by hand from his own cell phone and spoke in his own voice. Mr. Kerston is entitled to judgment on that claim. The court permits him to withdraw the admissions that arose when he did not answer Mr. Cupp's requests for admission because one of them would decide the claim on a fact that the record shows to be untrue.

Mr. Cupp's evidence establishes a different claim, which the October 5 order anticipated. His cell phone has been on the national do-not-call registry since 2022, and Mr. Kerston, a mortgage broker, called it four times in thirty-two minutes to sell his services, three times after Mr. Cupp told him not to call. Those calls violated the TCPA's do-not-call rules. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). The court decides the claim on summary judgment, as the October 5 order contemplated, because the material facts are not genuinely disputed, and awards Mr. Cupp $100 for each of the three calls that followed his request to stop and $50 for the first call, $350 in all, plus his taxable costs. The court does not increase the award. The court will address the related case against Mr. Kerston's former company by a separate report and recommendation.

## STATEMENT

The October 5 order describes the complaint, the parties' positions, and the history of the case.[2] In short, the complaint pleads one count, under § 227(b)(1)(A)(iii), for six calls on February 20, 2025, "with sales messages, using automatic telephone dialing system," after Mr. Cupp told

---

completes its analysis. Citations refer to material in the Electronic Case File (ECF) in No. 25-cv-02185-LB unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1–4.

United States District Court
Northern District of California

the caller to stop.[3] Mr. Kerston's position is that the calls were "merely call backs from Mortgage Broker to the applicant, Ronald Cupp."[4] The parties asked for a bench trial.[5] The court's process for a bench trial uses a summary-judgment procedure to resolve issues of law and to identify any facts that require trial, and the scheduling order set a briefing schedule for that purpose.[6] Mr. Cupp filed his opening brief and proposed findings in June 2026, and Mr. Kerston filed his brief on October 1, 2026. The October 5 order accepted those filings as the parties' trial briefs.[7] The October 5 order also (1) gave notice under Rule 56(f) that the court might enter judgment for Mr. Kerston because the record had no evidence of an automatic telephone dialing system or a recorded voice, (2) required each party to file a declaration addressing nine topics, including how the calls were placed, what was said, any contact before the calls, the request to stop, and whether Mr. Cupp's number is on the do-not-call registry, (3) said that the court would consider a do-not-call claim if the declarations supplied the facts, (4) conditioned withdrawal of Mr. Kerston's admissions on his answering the requests for admission, and (5) set a provisional hearing that the court would vacate if the declarations showed no genuine dispute of fact for trial.[8]

**1. Mr. Cupp's Filings**

Mr. Cupp filed the requests for admission with proof of service, a declaration with exhibits, a declaration of a witness, Keni Mae Meyer, and a response declaration attaching the documents that Mr. Kerston emailed him on October 21.[9] He did not file a further declaration after the court gave him the chance to do so.[10]

---

[3] Compl. – ECF No. 1 at 4 (¶ 9), 5–7 (¶¶ 13–20).

[4] Opp'n – ECF No. 89 at 1 (¶ 2).

[5] Compl. – ECF No. 1 at 7; Minute Entry – ECF No. 38.

[6] Minute Entry – ECF No. 62; Scheduling Orders – ECF Nos. 64, 80.

[7] Pl.'s Br. – ECF No. 70; Proposed Findings – ECF No. 69; Pl.'s Pretrial Filing – ECF No. 85; Def.'s Br. – ECF No. 90; Order – ECF No. 93 at 11.

[8] Order – ECF No. 93 at 6–7 & n.23, 9, 11–15; Clerk's Notice – ECF No. 101.

[9] Cupp Decl. re Disc. – ECF No. 94; Cupp Decl. – ECF No. 98; Meyer Decl., Ex. 7 to Cupp Decl. – ECF No. 98-3 at 2–5; Resp. Decl. – ECF No. 100.

[10] Order – ECF No. 103.

Mr. Cupp states that Mr. Kerston placed four calls. At 11:09 a.m., Mr. Kerston asked whether Mr. Cupp was in the market for a loan. Mr. Cupp said no, said not to call him, and hung up after twenty seconds. At 11:10 a.m., Mr. Cupp said that he was not interested and hung up after four seconds. At 11:31 a.m., Mr. Cupp did not answer, and Mr. Kerston left a twenty-four-second voicemail, logged at 11:32 a.m. At 11:41 a.m., Mr. Cupp did not answer.[11] The 11:16 a.m. entry on his phone is a call that he placed to Mr. Kerston and that reached a busy signal.[12] He heard Mr. Kerston's voice on each answered call, and the caller identified himself as "Pete of the Mortgage Network." The voicemail was Mr. Kerston's live voice: "Close Closing in about 10 days very reasonable rates. Credit no problem it's just an equity based loan on the property. Give me a call if you're still in the market I will beat anybody's offer. 707-486-5242."[13] He still has the voicemail. His iPhone identified the caller by a contact that he had saved as "Pete Kirsten / The mortgage network?"[14]

On the equipment, Mr. Cupp states that he did not see what Mr. Kerston used to make the calls and has no knowledge of how it dials. He relies on the number and timing of the calls, their sales purpose, the calls after his request to stop, and Mr. Kerston's failure to answer his interrogatories about the equipment. If the court found that Mr. Kerston had not described his equipment, he asked for time to obtain the facts.[15]

As to the parties' prior contact, Mr. Cupp states that he went to Mr. Kerston's office once, on February 4, 2025, with Ms. Meyer, who was delivering papers in her state-court lawsuit against Mr. Kerston and had asked Mr. Cupp to come for her safety. He did not ask about a loan or an application. Because Ms. Meyer's phone was disconnected, she gave Mr. Kerston Mr. Cupp's number so that Mr. Kerston could reach her through him. Neither gave permission to call Mr.

---

[11] Cupp Decl. – ECF No. 98 at 2–3 (¶¶ 8–9), 4 (¶ 18).

[12] *Id.* at 3 (¶ 9).

[13] *Id.* at 2 (¶¶ 3, 6–7), 3 (¶ 10).

[14] *Id.* at 1–2 (¶¶ 2(a), 5), 3 (¶ 12); Exs. 1–4 to Cupp Decl. – ECF No. 98-1 at 2–5.

[15] Cupp Decl. – ECF No. 98 at 1–2 (¶¶ 2, 4).

Cupp for any other purpose, and he has never applied to Mr. Kerston or the company for a loan.[16] Ms. Meyer's declaration says the same.[17] Mr. Cupp adds that when Mr. Kerston approached him in a courthouse hallway in September 2026, Mr. Kerston had to ask who he was.[18]

On his telephone, Mr. Cupp states that the number ending in 9929 is a cell phone on an AT&T account in his name, that he uses it as his personal and household line, and that it has been on the national do-not-call registry since February 8, 2022. He attaches the registry's confirmation email.[19] He gave Mr. Kerston no permission to call him with sales calls, had no business relationship with him, and asks the court to consider a do-not-call claim.[20]

Mr. Cupp's six requests for admission ask Mr. Kerston to admit that (1) he placed six calls to Mr. Cupp's cell phone on February 20, 2025, (2) one or more of the calls "used an automatic telephone dialing system, as defined in 47 U.S.C. § 227(a)(1)," (3) Mr. Cupp gave no prior express written consent, (4) Mr. Cupp asked during the first call that the calls stop, (4) the company was not in good standing with the Secretary of State, and the parties had no prior business relationship.[21] Mr. Cupp contends that withdrawing the admissions would prejudice him because only Mr. Kerston knows what equipment he used, Mr. Kerston never answered discovery about it, and discovery is closed.[22] He seeks $500 for each of six calls, trebled, and his costs.[23]

**2. Mr. Kerston's Filings**

Mr. Kerston filed nothing by October 15. On October 16, the court extended his deadlines to October 20 because of his reported illness.[24] On October 20, he signed three documents: a

---

[16] *Id.* at 3–4 (¶¶ 13–15).

[17] Meyer Decl. – ECF No. 98-3 at 4–5 (¶¶ 10–16).

[18] Cupp Decl. – ECF No. 98 at 4 (¶ 17).

[19] *Id.* at 5 (¶¶ 20–22); Confirmation Email, Ex. 6 to Cupp Decl. – ECF No. 98-2 at 2.

[20] Cupp Decl. – ECF No. 98 at 5 (¶ 23).

[21] Disc. Requests, Ex. A-1 to Cupp Decl. re Disc. – ECF No. 94-3 at 2–3.

[22] Cupp Decl. – ECF No. 98 at 6 (¶ 27).

[23] *Id.* at 7 (¶¶ 29–30).

[24] Order – ECF No. 99.

declaration giving his address, telephone number, and email address; sworn answers to Mr. Cupp's interrogatories; and a certificate of service.[25] He emailed them to Mr. Cupp on October 21 and to chambers, and the court docketed the emailed copies on October 28. The mailed copies have not arrived.[26] The certificate of service refers to answers to the requests for admission, but no answers reached the court or Mr. Cupp.[27]

The interrogatory answers are sworn, and the court treats them as Mr. Kerston's declaration on the topics they cover. He states that (1) on February 20, 2025, "the only device I used to call from was my cell phone (707) 486-5242 and I initiate any calls made from this cell phone," (2) he does not recall the times of the calls and would need call records, (3) he uses only that cell phone and does "not have any auto dialer system," (4) he was the broker for The Mortgage Network Wholesale Lender, LLC, and (5) the company was abandoned about fifteen years ago.[28] He does not address the February 4 visit, what was said on the calls, the request to stop, or Mr. Cupp's telephone. His only sworn statement about prior contact remains the sentence in his October 1 opposition that the calls "were merely call backs from Mortgage Broker to the applicant, Ronald Cupp." His unsworn trial brief adds that Mr. Cupp "came into Defendant's office only asking for an application for a mortgage loan."[29]

## ANALYSIS

### 1. The Requests for Admission

The court permits Mr. Kerston to withdraw the admissions. A request for admission is admitted if it is not answered within thirty days, and the admission is conclusive unless the court permits its withdrawal. Fed. R. Civ. P. 36(a)(3), (b). The court may permit withdrawal when doing

---

[25] Kerston Decl. – ECF No. 106 at 1; Interrog. Resps. – ECF No. 105 at 1–2; Cert. of Service – ECF No. 107.

[26] Resp. Decl. – ECF No. 100 at 1–2 (¶¶ 4–6); Email, Ex. A to Resp. Decl. – ECF No. 100-1; Orders – ECF Nos. 103, 104.

[27] Cert. of Service – ECF No. 107; Resp. Decl. – ECF No. 100 at 2 (¶ 8).

[28] Interrog. Resps. – ECF No. 105 at 1–2.

[29] Opp'n – ECF No. 89 at 1 (¶ 2); Def.'s Br. – ECF No. 90 at 1. The court decides the dispute without oral argument. Civil L.R. 7-1(b).

so would promote a decision on the merits and would not prejudice the requesting party in presenting his case, and it may weigh other considerations too. *Conlon v. United States*, 474 F.3d 616, 621–22, 624–25 (9th Cir. 2007). The October 5 order construed Mr. Kerston's sworn denial of the claim as a request to withdraw and said that the court would permit withdrawal if he answered the requests by October 15, later extended to October 20.[30] No written answers reached the court. The court permits withdrawal anyway, for three reasons.

First, the merits require it. The first prong of the test is met when upholding the admissions "would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Request No. 2 asks Mr. Kerston to admit that at least one call was made with an automatic telephone dialing system. Every piece of evidence, including Mr. Cupp's own account and Mr. Kerston's sworn interrogatory answers, shows that none was. Holding Mr. Kerston to that admission would decide the claim on a fiction.

Second, Mr. Cupp is not prejudiced. Prejudice under Rule 36(b) means difficulty in proving one's case because of reliance on the admission, such as the unavailability of a key witness, not the burden of having to prove the fact. *Conlon*, 474 F.3d at 622; *Hadley*, 45 F.3d at 1348. Mr. Cupp did not rely on the admissions: he prepared to prove his case with his testimony and his screenshots, and that evidence is intact.[31] The prejudice he identifies, that he cannot test Mr. Kerston's denial without discovery, is the ordinary burden of proof. And Mr. Kerston has now answered the interrogatories about his equipment under oath.

Third, the remaining admissions do not matter. Mr. Cupp's unrebutted evidence establishes the facts described in Requests Nos. 1, 3, 4, and 6 (with one correction: four calls, not six), and Request No. 5, about the company's standing, has no bearing on the claim against Mr. Kerston. The condition in the October 5 order was meant to secure Mr. Kerston's participation, which has now occurred, however imperfectly, and his delay is explained by illness. The admissions are withdrawn, and the court decides the case on the evidence.

---

[30] Order – ECF No. 93 at 9; Order – ECF No. 99.

[31] Order – ECF No. 93 at 9 (citing Notice – ECF No. 81 at 2 (¶ 7)).

United States District Court
Northern District of California

**2. The § 227(b) Claim**

Mr. Kerston is entitled to summary judgment on the § 227(b)(1)(A)(iii) claim. The court may grant summary judgment on its own after giving notice and a reasonable time to respond, and judgment must be entered against a party who bears the burden of proof on an element and cannot produce evidence to establish it. Fed. R. Civ. P. 56(a), (f)(3); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The October 5 order gave notice, and both parties responded.[32] As that order explained, (1) an automatic telephone dialing system is equipment that uses a random or sequential number generator to store or produce the numbers that it calls, (2) a phone that merely stores and dials numbers does not qualify, and (3) a call conducted in the caller's own voice is not an artificial or prerecorded voice.[33]

The record has no genuine dispute on this element. Mr. Cupp has no knowledge of the equipment. He heard Mr. Kerston's live voice on every call that he answered and on the voicemail. By his own account, Mr. Kerston had the number because Ms. Meyer handed it to him in person sixteen days earlier. Mr. Kerston states under oath that he used only his cell phone, dialed the calls himself, and has no autodialer. The facts that Mr. Cupp cites do not alter this analysis: four calls in thirty-two minutes, their sales purpose, and their persistence after a request to stop show a salesman, not an automated system. No reasonable factfinder could find that any call was made with an automatic telephone dialing system or an artificial or prerecorded voice.

Mr. Cupp's request for time to obtain facts about the equipment is denied. He conditioned the request on Mr. Kerston's failing to describe his equipment, and Mr. Kerston has now described it under oath. The request also fails on its own terms. A party who asks the court to defer summary judgment must show that specific facts exist, that they are essential to his opposition, and that he could not obtain them earlier, and a party who did not diligently pursue discovery is not entitled to relief. Fed. R. Civ. P. 56(d); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

---

[32] *Id.* at 7.

[33] *Id.* at 6–7 (citing *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399, 405 (2021), and *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022)).

Mr. Cupp served his interrogatories in November 2025, received no response, and never moved to compel, although the court told him how to raise a discovery dispute.[34] Discovery closed on March 16, 2026.[35] And no description of a telephone could change the result, because Mr. Cupp's own account describes hand-dialed calls in a live voice.

**3. The Do-Not-Call Claim**

**3.1 The Claim Is Before the Court**

The October 5 order held that the complaint did not state a claim under the TCPA's do-not-call rules because it did not allege that Mr. Cupp's number is on the national do-not-call registry, and it said that the court would consider the claim if the declarations supplied the facts.[36] They do. The claim is before the court, the material facts are not genuinely disputed, and the court decides it on summary judgment, as it has the § 227(b) claim. No further pleading is required.

A complaint need not identify the statute or legal theory on which a claim rests. It must give fair notice of the claim and the facts behind it, and a self-represented plaintiff's later filings may supply that notice. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam); *Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008); *Hearns v. Terhune*, 413 F.3d 1036, 1040–41, 1043 (9th Cir. 2005) (a pro se plaintiff need only give fair notice of his claims and the grounds on which they rest, and need not plead specific legal theories, so long as his factual averments show that he may be entitled to relief). As the October 5 order said, the parties are not lawyers: they supply the facts, and the court applies the law.[37] *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). The court may grant summary judgment on its own after identifying for the parties the material facts that may not be genuinely disputed and giving notice and a reasonable time to respond, and when a party fails to address another party's assertion of fact, the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2), (f)(3). What the court may not do is decide a claim on allegations if the defendant

---

[34] Cupp Decl. – ECF No. 98 at 2 (¶ 4); Order – ECF No. 41; Minute Entry – ECF No. 45.

[35] Scheduling Order – ECF No. 39.

[36] Order – ECF No. 93 at 6 & n.23.

[37] *Id.* at 5–6.

United States District Court
Northern District of California

had no notice of them. *Cf. Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (allegations raised for the first time at summary judgment, of which the complaint and earlier filings gave no notice, could not be considered).

Mr. Kerston had notice. The complaint alleged the operative facts of a do-not-call claim: sales calls to a cell phone, no consent, a demand to stop during the first call, continued calls, and no established business relationship.[38] The two facts it omitted (the number is registered and Mr. Cupp uses it as a personal line) are in his unrebutted declaration under oath, with the registry's confirmation attached, and registration of a cell number presumptively establishes residential use. *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223–26 (9th Cir. 2022). Mr. Kerston's defense has always been that Mr. Cupp asked him for a loan application, which is the established-business-relationship exception to the do-not-call rules, so the claim required nothing new of him. The October 5 order told both parties that the court might consider the claim and required them to address prior contact, the request to stop, and Mr. Cupp's telephone, which are the facts that decide it.[39] Mr. Kerston received Mr. Cupp's declaration through the court's electronic-filing system on October 15, signed his own papers on October 20 with that declaration in hand, and had until October 22 to file a response declaration addressing its facts.[40] He addressed his equipment and his company but not these facts, filed no response, and raised no objection. He had notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). Mr. Cupp did what the October 5 order asked: he stated the facts under oath.

The court therefore reads the complaint, liberally construed and together with the declaration that the court directed Mr. Cupp to file, as asserting a claim under 47 U.S.C. § 227(c)(5) against Mr. Kerston on the facts stated in paragraphs 9, 13 through 15, and 18 through 23 of the declaration, and it treats Mr. Kerston's answer and his sworn October 1 opposition as denying those facts. The claim is not asserted against the company. The result would be the same if leave

---

[38] Compl. – ECF No. 1 at 4 (¶ 9), 6–7 (¶¶ 18–20).

[39] Order – ECF No. 93 at 6 n.23, 11–12.

[40] *Id.* at 12, 14; Order – ECF No. 97; Order – ECF No. 99.

to amend were required. Leave should be freely given, prejudice to the opposing party carries the greatest weight, and delay alone does not justify denial. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Mr. Kerston is not prejudiced, for the reasons just given. The delay is attributable in part to the court's process. Nothing suggests bad faith. And the claim is not futile.

**3.2 The Governing Rules**

The TCPA directs the Federal Communications Commission to protect the privacy of residential telephone subscribers who object to telephone solicitations, and the Commission's rules prohibit any telephone solicitation to a residential subscriber who has registered his number on the national do-not-call registry. 47 U.S.C. § 227(c)(1)–(3); 47 C.F.R. § 64.1200(c)(2). The rules apply to calls to cell phones. 47 C.F.R. § 64.1200(e). A cell-phone subscriber who has registered his number is presumptively a residential subscriber, a phone used for both personal and business purposes can qualify, and the caller may rebut the presumption. *Chennette*, 50 F.4th at 1223–26. A person who receives more than one call within a twelve-month period by or on behalf of the same entity in violation of the rules may recover up to $500 for each violation, and the court may increase the award to as much as three times that amount if the defendant willfully or knowingly violated the rules. 47 U.S.C. § 227(c)(5).

A telephone solicitation is a call made to encourage the purchase of goods or services, but the term excludes a call to a person who has given prior express invitation or permission or with whom the caller has an established business relationship. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). An established business relationship includes one formed by the subscriber's inquiry or application about the caller's services within the three months before the call, and the subscriber's request not to be called ends the relationship. 47 C.F.R. § 64.1200(f)(5), (f)(5)(i). For a registered number, permission must be in a signed, written agreement. A caller is also excused if it has a personal relationship with the person called or if the call was an error made despite written do-not-call procedures that meet the rule's standards. *Id.* § 64.1200(c)(2)(i)–(iii). The statute adds an affirmative defense for a defendant who has established and implemented, with due care,

reasonable practices to prevent violations. 47 U.S.C. § 227(c)(5). The caller bears the burden on these exceptions and defenses. *Cf. Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) (consent under § 227(b) is an affirmative defense).

**3.3 Mr. Kerston Violated the Rules**

The October 5 order held that the court would treat as established any fact that the declarations did not genuinely dispute and would decide as a matter of law any issue that the undisputed facts resolved.[41] Fed. R. Civ. P. 56(e)(2), (f)(3), (g). A conclusory statement without supporting facts does not create a genuine dispute. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

The following facts are not genuinely disputed. Mr. Kerston called Mr. Cupp's cell phone from his own cell phone four times on February 20, 2025: at 11:09, 11:10, 11:31, and 11:41 a.m. Mr. Cupp placed the 11:16 a.m. call, and the 11:32 a.m. voicemail was part of the 11:31 a.m. call.[42] The purpose of the calls was to sell mortgage services: Mr. Kerston asked whether Mr. Cupp was in the market for a loan, his voicemail offered rates and terms, and he describes the calls as callbacks from a mortgage broker.[43] Mr. Cupp's number is a cell phone on an account in his name, he uses it as his personal and household line, and it has been on the registry since February 8, 2022. Mr. Kerston offers nothing to the contrary.[44] During the first call, Mr. Cupp said that he was not interested and asked Mr. Kerston not to call him. Three calls followed within thirty-two minutes.[45] Mr. Kerston had no written permission to call, no personal relationship with Mr. Cupp (he did not recognize him when they met in September 2026), and no do-not-call procedures (he claims none).[46] These facts establish more than one telephone solicitation within twelve months to

---

[41] Order – ECF No. 93 at 12–13.

[42] Cupp Decl. – ECF No. 98 at 3 (¶ 9); Exs. 1–4 to *id.* – ECF No. 98-1 at 2–5; Interrog. Resps. – ECF No. 105 at 1. Mr. Cupp's count of six calls, and his statement that he never called Mr. Kerston, are inconsistent with his own account of the 11:16 a.m. call, and the court holds him to that account. Cupp Decl. – ECF No. 98 at 3 (¶ 11), 4–5 (¶ 19), 7 (¶ 29).

[43] *Id.* at 2 (¶ 6), 3 (¶ 9); Opp'n – ECF No. 89 at 1 (¶ 2).

[44] Cupp Decl. – ECF No. 98 at 5 (¶¶ 20–22); Confirmation Email, Ex. 6 to *id.* – ECF No. 98-2 at 2.

[45] Cupp Decl. – ECF No. 98 at 3 (¶ 9), 4 (¶ 18).

[46] *Id.* at 4 (¶ 17), 5 (¶ 23).

United States District Court
Northern District of California

a registered residential subscriber unless the established-business-relationship exception applies.

The only disputed fact is whether Mr. Cupp asked about a loan at Mr. Kerston's office on February 4, 2025. The court does not need to resolve that dispute for three of the four calls. Even if Mr. Cupp had inquired, so that the first call fell within the exception, his request during that call not to be called ended the relationship. 47 C.F.R. § 64.1200(f)(5)(i). Mr. Kerston heard the request himself and placed the next call one minute later, so no time was needed to record or process it, and he had no written procedures that could bring him within the safe harbor for errors. *Id.* § 64.1200(c)(2)(i). The calls at 11:10, 11:31, and 11:41 a.m. were telephone solicitations to a registered number, and each violated § 64.1200(c)(2).

The first call violated the rule too, because the record does not genuinely dispute that Mr. Cupp made no inquiry. Mr. Cupp and Ms. Meyer describe the February 4 visit in detail: she was delivering papers in her lawsuit against Mr. Kerston, Mr. Cupp came for her safety, he asked for nothing, and she gave Mr. Kerston his number only as a way to reach her.[47] Mr. Kerston's answer is one sworn word, "applicant," and an unsworn sentence in his trial brief. He does not say when Mr. Cupp applied, for what, or on what document, although the October 5 order told him to say exactly that and he had two deadlines to do it.[48] A label is not evidence of a fact. *Publ'g Clearing House*, 104 F.3d at 1171. The record is consistent with Mr. Kerston's having mistaken the number he was given for a sales lead: he asked Mr. Cupp whether he was "in the market," left a message for anyone "still in the market," and did not recognize Mr. Cupp when he met him. The rules excuse an error only by a caller with written do-not-call procedures, and Mr. Kerston had none. All four calls violated the rule.[49]

### 3.4 Damages and Costs

The court awards $100 for each of the three calls that followed Mr. Cupp's request to stop and

---

[47] *Id.* at 3–4 (¶¶ 13–15); Meyer Decl. – ECF No. 98-3 at 4–5 (¶¶ 10–16).

[48] Order – ECF No. 93 at 11–12; Order – ECF No. 99.

[49] The first call turns on what happened at Mr. Kerston's office on February 4, 2025, and Mr. Kerston has asserted under oath, however briefly, that Mr. Cupp was a loan applicant. The court considered hearing the parties on that question but determines that despite notice and an opportunity to respond with specific facts, Mr. Kerston put no facts in dispute.

$50 for the first call, $350 in all.

Section 227(c)(5) allows "up to $500 in damages for each such violation." Unlike § 227(b)(3), which fixes the amount at $500, it sets a ceiling and no floor, and the amount within the range is for the court to decide. *Heidorn v. BDD Mktg. & Mgmt. Co.*, No. 13-cv-00229-YGR, 2013 WL 6571629, at *16 (N.D. Cal. Aug. 19, 2013), *adopted*, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019) (affirming judgment based on jury's award of $400 for each call made in violation of the do-not-call rules). The considerations are the severity or minimal nature of the violation, whether there was actual damage, the extent of the intrusion on the plaintiff's privacy, the relative financial burdens of the parties, whether there was a reasonable purpose for the violation, and whether the statutory amount serves a useful purpose. *Heidorn*, 2013 WL 6571629, at *16 (adopting the approach of *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 WL 4482945, at *4–5 (S.D. Ohio Sep. 27, 2012), which awarded $250 for each call made after the caller should have honored a do-not-call request and $50 for each earlier call). One call is one violation, however many rules it breaks. *Id.*; *Heidorn*, 2013 WL 6571168, at *4.

Those considerations suggest an award below the maximum. The violation was small in scale: four calls in thirty-two minutes on one morning, dialed by hand by an individual broker, with no evidence of a practice of calling registered numbers. Mr. Cupp claims no actual loss, and the intrusion was slight: two calls that together lasted under half a minute, one voicemail, and one unanswered call. Mr. Kerston is an individual, not a telemarketing operation, and the record suggests that he mistook a number he had been handed for a sales lead. The three calls after Mr. Cupp asked him to stop are more serious. Mr. Kerston heard the request himself and called back a minute later, which is the conduct the do-not-call rules exist to prevent, and the award for those calls must be large enough to matter to him. *Cf. Heidorn*, 2013 WL 6571629, at *17 (awarding the full $500 for each of twenty-two calls to a plaintiff who was on the registry, asked repeatedly not to be called, and filed a police report). The first call is different: Mr. Cupp's number was on the registry, so the call violated the rule, but nothing had yet alerted Mr. Kerston that his call was unwelcome. The court awards $100 for each of the three later calls and $50 for the first.

The court does not increase the award. The statute permits up to treble damages for a willful or

knowing violation, in the court's discretion. 47 U.S.C. § 227(c)(5). The three later calls were knowing in the sense that Mr. Kerston knew that he had been asked not to call. But the court has accounted for that in setting the amount, nothing suggests that Mr. Kerston has been sued under the TCPA before or that the award is trivial to him, and the award is enough to accomplish the statute's purposes. *Heidorn*, 2013 WL 6571629, at *17; 2013 WL 6571168, at *3.

Mr. Cupp also may recover his taxable costs. Fed. R. Civ. P. 54(d)(1). He has itemized them under oath, and the record documents them, so the court fixes them in the judgment, and no bill of costs is required. Civil L.R. 54-1, 54-3. The $405 filing fee and the $200 fee for serving Mr. Kerston are allowable. Civil L.R. 54-3(a)(1)–(2); 28 U.S.C. § 1920(1); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990).[50] The fee for serving the company is a cost of the related case, and the $500 paid to a paralegal to draft the complaint is not a taxable cost.[51] Costs thus are $605.

**4. The Related Case**

The claim against The Mortgage Network Wholesale Lender, LLC rests on the same calls and the same allegation of an automatic telephone dialing system. Judgment may not be entered against a defaulting defendant on a claim that has failed on the merits against the defendant who contested it. *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The do-not-call claim is not pleaded against the company, Mr. Cupp recovers in full against Mr. Kerston, and Mr. Kerston states under oath that the company was abandoned about fifteen years ago.[52] The company has not consented to magistrate-judge jurisdiction, so the court will recommend by separate report that the district court deny the motion for default judgment. 28 U.S.C. § 636(b)(1)(B); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017).

---

[50] Cupp Decl. – ECF No. 98 at 7 (¶ 30); Receipt – ECF No. 4; Proof of Service – ECF No. 7-2.

[51] Proposed Findings – ECF No. 69 at 3 (¶ 14); Order – ECF No. 93 at 8.

[52] Interrog. Resps. – ECF No. 105 at 1–2.

United States District Court
Northern District of California

## CONCLUSION

The court orders as follows.

1. Mr. Kerston's admissions resulting from his failure to answer Mr. Cupp's requests for admission are withdrawn.
2. The court grants summary judgment to Mr. Kerston on the claim under 47 U.S.C. § 227(b)(1)(A)(iii) and denies Mr. Cupp's request under Rule 56(d).
3. The complaint, liberally construed and read with Mr. Cupp's declaration (ECF No. 98 at ¶¶ 9, 13–15, 18–23), asserts a claim under 47 U.S.C. § 227(c)(5) against Mr. Kerston. The court grants summary judgment to Mr. Cupp on that claim.
4. Mr. Cupp is entitled to judgment against Mr. Kerston on the claim under 47 U.S.C. § 227(c)(5) in the amount of $350.
5. Mr. Cupp is awarded costs of $605.
6. The clerk must enter judgment in No. 25-cv-02185-LB for Mr. Kerston on the claim under 47 U.S.C. § 227(b)(1)(A)(iii) and for Mr. Cupp against Mr. Kerston on the claim under 47 U.S.C. § 227(c)(5) in the amount of $350 and costs of $605 and close the case.
7. The court will issue a report and recommendation in No. 25-cv-05979-LB on the motion for default judgment (ECF No. 22 in that case).

The clerk must update Mr. Kerston's address on the docket to 750 Mendocino Avenue, #6, Santa Rosa, CA 95401, and send a copy of this order to him by email and by mail at that address and at 3315 Chanate Road, Santa Rosa, CA 95404.[53]

**IT IS SO ORDERED.**

Dated: October 30, 2026

LAUREL BEELER
United States Magistrate Judge

[53] Kerston Decl. – ECF No. 106 at 1; Email, Ex. A to Resp. Decl. – ECF No. 100-1; Order – ECF No. 97.